**SIGNED.**

Dated: April 09, 2008



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| ANITA KRAMER MESHKATAI, | No. 2:07-bk-05071-JMM |
| Debtor. | **MEMORANDUM DECISION** |

A hearing on creditors' motion for stay relief or alternatively, motion for adequate protection payments, filed WWAS Holdings, Pty, Ltd., and Hooman Davoodi (collectively, "WWAS") (Dkt. #44), was heard on April 3, 2008. Appearances were noted of record. After consideration of the facts and the law, the court issues its ruling.

## FACTS

The Debtor filed this chapter 11 petition on October 2, 2007. Although she is a married woman, her husband did not join in the filing. She owns a residence, with her husband, at 9332 North 71st Street, Paradise Valley, Arizona. The property is worth $2,400,000 (Ex. E). It has liens thereon totaling (as of March 31, 2008) $2,384,666. If sold for the appraised value, a broker would charge 6% ($144,000), and other costs of sale would add one-half of a percent ($12,000). Thus, if sold, the Debtor would net (without taking liens into account):

        Sale price:                    $2,400,000
        Less:                          (144,000)   Broker

|   |   |   |   |
|---|---|---|---|
| Less: | | (12,000) | Sale costs |
| Net | | 2,244,000 | |

From this net figure, consensual liens must be deducted. They are:

|   |   |   |
|---|---|---|
| Wells Fargo | 723,525 | (Ex. A) |
| Countrywide | 88,337 | (Ex. B) |
| WWAS | 522,804 | (Ex. I) |
| Newton Financial | 350,000 | (Ex. C) |
| The Negev Trust | 500,000 | (Ex. I) |
| Babbak Sarrafzadeh | 200,000 | (Ex. 11) |
| Total | 2,384,666 | |

These figures, combined with costs of sale, result in a <u>negative</u> equity of $140,666.

The Debtor contends that Mr. Sarrafzadeh released his lien, but this evidence was excluded on hearsay grounds. Even if taken, however, the Debtor's equity would only be a marginal $59,334. However, the accrued interest, plus fees on the WWAS lien above, would eliminate most, if not all of this figure. The court therefore finds that the property has no equity.

The Debtor is unemployed. Her spouse has not joined in the petition. Her sole income comes from trusts or funds sent to her by her husband or others. In February, 2008, those amounts totaled $27,000 (Ex. H). Information concerning the trusts and their assets was not disclosed.[1] Nor was it shown to the court who controls the trusts and how reliable the stream of income is. Without this information, it is difficult to imagine a feasible plan that is based upon something other than hopeful speculation.

As of the date of filing, the Debtor owned three luxury autos: a 2005 Bentley GT worth $110,000 (lien of $87,914), a 2005 Mercedes G500 (recently totaled in an accident), and a 2003 Cadillac Esplanade worth $23,700 (lien of $28,438). She enjoys a lavish lifestyle, including February monthly expenses of a nanny at $1,600; shopping trips to department stores and Victoria's Secret; a personal trainer at $433; computer, cable and cell phone expenses for herself and her

---

[1] Neither the trusts nor their income stream were listed as assets in the Debtor's original Schedule B or its amendments (Dkts. #23, #62, #111). Nor is this critical information contained in the Debtor's disclosure statement (Dkt. #57).

children of $838.95; $770 for house landscape and pool maintenance; $959.76 for repairs; $1,371.46 for utilities, and $651.60 for pet expenses. In February, 2008, with receipts of $27,000, she incurred expenses of $25,863.35, leaving a balance of only $1,136.65 (Ex. H).

The Debtor's case was filed to gain the benefit of the automatic stay in order to stop a pending foreclosure by WWAS, whose loan was in default. The Debtor and her husband are currently embroiled in litigation with WWAS, which concerns disputes from a prior business relationship. Her contention is, essentially, that if she prevails in such litigation, then she will have sufficient offsets to eliminate WWAS's deed of trust on her residence. She raised no defenses to the instant motion, however, which were specific to the WWAS note and deed of trust. As far as the evidence went, there are no defenses to the WWAS note and deed of trust. In fact, for purposes of the motion, the note and deed of trust were stipulated to be valid in every respect.

The liens to Wells Fargo and Countrywide are current. The liens to Newton Financial, The Negev Trust and Mr. Sarrafzadeh were described as "friendly," meaning they probably would not foreclose. Only WWAS seeks to foreclose on its delinquent loan.

**LAW**

The bankruptcy filing is transparent. It was filed to stall prosecution of a foreclosure of the primary residential asset, without payment to such creditor, in order to maintain the status quo in a two-party dispute. These types of cases are generally subject to dismissal as bad-faith filings-- although no such motion is pending--or to grant stay relief for "cause" under § 362(d) . *See, e.g., In re Arnold,* 806 F.2d 937, 939 (9th Cir. 1986); *In re St. Paul Self Storage Ltd. P'ship,* 185 B.R. 580, 582 (9th Cir. BAP 1995); *In re Landmark Capital Co.,* 27 B.R. 273, 280-81 (Bankr. D.Ariz. 1983); *In re Little Creek Dev. Co.,* 779 F.2d 1068, 1072-73 (5th Cir. 1986).

The Debtor's auto liens and institutional-creditor house payments are current. Her lifestyle does not appear conducive to the "belt-tightening" expected of most debtors. Her income source seems designed to continue what is, by any standard, a pampered and self-indulgent lifestyle.

Under the Debtor's plan, WWAS' rights are adversely affected, leaving it dangling until the litigation is resolved. If that litigation is resolved in WWAS' favor, then the Debtor proposes to refinance or pay WWAS off from gifts or loans. However, the Debtor presented no evidence to support any of those options. There was no evidence of a financing commitment, or any identification of the benefactors, their net worth or willingness to assist the Debtor. Thus, her plan appears to be speculative. As such, it is unconfirmable and therefore not "effective."

While individual chapter 11 plans are authorized by law, *Toibb v. Radloff*, 501 U.S. 157, 166, 111 S.Ct. 2197, 2022, 115 L.Ed.2d 145 (1991) (individual debtor not engaged in business may use chapter 11), they do not easily fit within the framework of reorganization proceedings. Thus, any "plan" must be shown to be "effective" in the sense that it is feasible. *See*, e.g., *In re Marsch,* 36 F.3d 825, 828 (9th Cir. 1994); *In re Johnston,* 149 B.R. 158, 159 (9th Cir. BAP 1992); § 362(d)(2)(B) (property must be necessary for an "effective reorganization"). Here, the Debtor is unemployed. The husband failed to join in the reorganization filing. Her sole income comes from unidentified trusts or funds sent to her by her husband from mysterious or undisclosed sources. In February, 2008, those amounts totaled $27,000, and her monthly expenses nearly match that amount. As such, her plan is unconfirmable and thus, not "effective."

## **CONCLUSION**

The Debtor failed the § 362(d)(2) test, because she has no equity in the residence and it is unnecessary to an effective reorganization.

In addition, cause also exists to lift the stay under § 362(d)(1), because the bankruptcy filing was initiated to slow the progress of a two-party dispute. The filing was essentially a litigation tactic designed to continue litigation while not paying on a separate but unrelated note and deed of trust.

As an afterthought, the court finds that the Debtor's offer of <u>conditional</u> adequate protection, to pay approximately $4,000 a month into an attorney trust account and not directly to the creditor for application to the debt, to be unsatisfactory and unreasonable.

The stay will be lifted. Should the Debtor wish to slow WWAS' foreclosure, she must either pay off WWAS, reinstate its loan pursuant to ARIZ. REV. STAT. 33-101, *et seq*., or gain an injunction from the Maricopa County Superior Court. This court will not interfere with that process.

For these reasons, the stay will be lifted. A separate order will be entered. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES served as indicated below
on the date signed above:

Allan D. NewDelman
Allan D NewDelman PC
80 E. Columbus Ave.
Phoenix, AZ 85012                                     Email: anewdelman@qwest.net

Scott B. Cohen
Sacks Tierney P.A.
4250 N. Drinkwater Blvd., 4th Floor
Tucson, AZ 85251-3693                                 Email scott.cohen@sackstierney.com

Robert W. Denton
Lurie, Zepeda, Schmalz & Hogan
9107 Wilshire Blvd., Suite 800
Beverly Hills, CA  90210-5533                         Email rdenton@lurie-zepeda.com

Jonathan E. Hess
Office of the U.S. Trustee
230 N. 1st Avenue, Suite 204
Phoenix, AZ 85003-1706                                Email: jon.e.hess@usdoj.gov


By /s/ M. B. Thompson
    Judicial Assistant